**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARK THOMAS, JR., ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> LVMPD, et al., ) <br> ) <br> Defendant(s). ) <br> _____ ) | Case No. 2:16-cv-03019-JAD-NJK <br><br> **REPORT AND RECOMMENDATION** |

    Plaintiff is attempting to proceed with this case *in forma pauperis*. Docket No. 4. Plaintiff's application indicates that he is self-employed through the website www.gotluckie.com. *Id.* at 1. Despite listing that employment, however, he indicates that he has no income of any kind. *See id.* That representation is in stark contrast to the information provided by Plaintiff in another case just a few months ago, in which he listed receiving $50,000 annually from the same self-employment and also identified numerous other sources of income (such as from rent payments, interest, or dividends, and gifts or inheritances). *See Thomas v. Westgate Resort & Casino*, Case No. 2:16-cv-02261-JAD-GWF, Docket No. 1 at 1 (D. Nev. September 27, 2016). Similarly, Plaintiff asserts in this case that he has no assets of any kind. *See* Docket No. 4 at 2. In this regard, the application is internally inconsistent because Plaintiff elsewhere identifies an outstanding car loan. *See id.* Moreover, this representation is in stark contrast to the representation made in Plaintiff's *Westgate* case a few months ago, in which he identified tens of thousands of dollars in electronic equipment and a $100,000 "fashion line." *Westgate*, Docket No. 1 at 2.

As a result of these inconsistencies, the Court ordered Plaintiff to show cause why this case should not be dismissed with prejudice. Docket No. 5. The response to that order to show cause was due by February 9, 2017, *see id*., but no response has been filed.[1] Under the applicable statute, "the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2). Plaintiff's application in this case provides financial information radically different than what he provided in another case only a few months ago. Plaintiff did not respond to the Court's order for him to explain that discrepancy. Accordingly, the undersigned concludes that the allegation of poverty is untrue and **RECOMMENDS** that the case be dismissed with prejudice.

IT IS SO ORDERED.

Dated: February 13, 2017

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

---

[1] It appears Plaintiff has moved but he did not update his address. *See* Docket No. 6. That shortcoming constitutes separate grounds for dismissal with prejudice. *See* Local Special Rule 2-2.